WM. H. TUCK, ADM'R D. B. N., C. T. A., OF LEVIN BOONE, *vs.* BENEDICT BOONE.—*December,* 1849.

This court, by the act of 1825, ch. 117, is confined to the points adjudicated by the court below, and questions relating to irregularity of proceedings in the county court, not raised there, cannot be examined here.

Letters of administration *de bonis non,* with the will annexed, are inoperative and inadmissible in evidence, unless authenticated by the official seal of the orphans court, by which they were granted.

The seal of the court, at the end of the will, authenticating the copy of the will, is not sufficient to authenticate the grant of the annexed letters of administration,

The will and the letters together, constitute the plaintiff's title to sue as administrator *de bonis non,* with the will annexed, and if the grant of the letters is defective, the rejection of the will as inadmissible to sustain the issue joined on the plea of *ne unques administrator,* necessarily follows:

Appeal from *Frederick* county court.

In this case, the plaintiff below, to maintain the issue joined on the plea of *ne unques administrator,* and for the purpose of proving his title as administrator *d. b. n., c. t. a.,* of *Levin Boone,* of *Prince George's* county, deceased, offered in evi-dence a paper purporting to be the grant of such letters by the orphans court of said county, which was simply signed, "*Test, Philemon Chew,* register." To this paper was annexed a copy of the will of said *Boone,* in which the testator bequeathed the

residue of his property (which included the negroes in controversy in this case,) to his wife *Maria Boone*, during her life. The certificate at the end of this copy, is as follows:

"In testimony that the foregoing copy of *Levin Boone's* will and testament, and codicil to the same, are truly taken and copied from the originals filed and recorded in the register of wills' office for *Prince George's* county, I have hereto set my hand, and affixed the seal of the orphans court of said county, this 20th day of December, 1842.

(Seal.)          Test:          PHIL. CHEW, Reg'r."

The defendant objected to the admissibility of this paper, on the ground that the letters of administration, contained therein, had not the seal of the orphans court of *Prince George's* county affixed thereto; which objection the court (MARSHALL, A. J.,) sustained, and rejected the testimony on said ground. To this opinion and ruling of the court, the plaintiff excepted.

The above was the only exception taken in the case. Issue was also joined on the plea of *non cul.*, and the verdict of the jury was, that the defendant " did not assume upon himself and promise, in manner and form as the said plaintiff above against him complains, as the said defendant above, by pleading hath alleged," upon which judgment was rendered for the defendant. The defendant also demurred to the plaintiff's replication to the plea of limitations, the proceedings upon which are fully stated in the opinion of this court, to which the plaintiff appealed.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, MARTIN, and FRICK, J.

By CAUSIN, for the appellant, who, among other points stated in the opinion, argued, that the judgment was erroneous, because, as the jury did not find a verdict in conformity with the pleadings in the case, no judgment could be entered on the verdict as found.

By F. A. SCHLEY, for the appellee.

MARTIN, J., delivered the opinion of this court.

This was an action of trover instituted in *Frederick* county court, by the appellant, as administrator *de bonis non, cum testamento annexo*, of *Levin Boone*, deceased, against the appellee, to recover the value of certain negroes mentioned in the declaration.

Three pleas were pleaded by the defendant. *First*, not guilty. *Second*, the statute of limitations. And *third, ne unques administrator*. Issues were joined upon the *first* and *third* pleas. To the *second* plea the plaintiff replied special matter, showing that he had brought the suit within three years, and that the plea of the statute of limitations interposed no bar to his recovery. To this replication the defendant demurred. The demurrer was overruled. The court decided that the matters set forth in the replication were, in law, a sufficient answer to the plea of the statute of limitations. No further proceedings were had with respect to this plea. And in this condition of the pleadings, the jury were sworn to try the issues in the cause, which appear from the amended record, to have been issues in fact, joined upon the pleas of *non cul.*, and *ne unques administrator*.

It appears, from the bill of exceptions taken in this case, that at the trial below, the plaintiff, to support the issue joined upon this plea of *ne unques administrator*, and to prove his title to the negroes, as administrator *de bonis non*, offered in evidence a paper purporting to be letters of administration *de bonis non, cum testamento annexo*, granted by the orphans court of *Prince George's* county. The will thus annexed, was certified by the register, as truly taken and copied from the original, filed and recorded in the register of wills' office for *Prince George's* county.

It appears from the exception, that the defendant objected to the admissibility of this paper as letters of administration *de bonis non, cum testamento annexo*, upon the ground, that it was not authenticated by the seal of the orphans court of *Prince George's* county. The objection was sustained. And confined as we are, by the provisions of the act of Assembly

of 1825, ch. 117, to the points adjudicated by the court below, it is perfectly manifest that the only proposition raised for our examination by this record, is that which relates to the ruling of the county court, with respect to the question of evidence presented for their decision.

By the thirteenth section of the act of 1798, ch. 101, sub. ch. 3, it is declared, that letters testamentary shall be granted under the seal of the orphans court. The form of such letters is then prescribed. By the second section of the same act of Assembly, sub. ch. 14, it is provided, that if an executor or administrator shall die before administration is completed, letters *de bonis non* may be granted at the discretion of the court, with a copy of the will annexed, if the case require it, and the form of the letters shall be as hereinbefore directed, except that the words, "not already administered," shall be added in their proper place. Letters *de bonis non,* with the will annexed, are similar therefor, in all respects, to the original testamentary letters, with the single exception indicated in the section to which we have referred; and certainly no proposition can be more clear, both upon the terms of the act of Assembly of 1798, and the general principles of evidence with respect to the mode in which the acts and judgments of courts are manifested, than that a paper purporting to contain letters of administration, is inoperative, unless it is authenticated by the official seal of the court, from which it is supposed to proceed. The court below, therefore, were clearly right in rejecting the paper offered by the plaintiff, as his letters of administration, as it did not appear to have been granted under the seal of the orphans court. The point made by the counsel for the appellant, that the seal at the end of the will was sufficient to authenticate the grant of the letters, cannot be sustained. For the register certifies, in terms so clear and plain as not to be mistaken, that the official seal was annexed, not as evidencing the grant of the letters of administration, but as testimony that the paper purporting to be a copy of the will of *Levin Boone,* was truly taken and copied from the originals filed and recorded in the office. It is apparent from the face of the certificate, that the seal of the

orphans court was introduced and used by the register to verify the transcript of the will, and not for the purpose of authenticating the letters of administration.

The counsel for the appellant has also contended, that even assuming that the court were correct in rejecting the paper purporting to be the letters of administration, they erred in treating as inadmissible the copy of the will. This proposition cannot be maintained. The will of *Levin Boone* was offered in evidence as a paper annexed to the letters of administration, for the purpose, as avowed by the defendant, of sustaining the issue joined upon the plea of *ne unques administrator*, and to establish his title as administrator *de bonis non, cum testamento annexo.* The will, therefore, could only be regarded as competent evidence to support the issue joined upon this plea, as a paper connected with the letters of administration. The two papers constituted, together, the title of the appellant as administrator *de bonis non*, with the will annexed. The letters of administration, and the copy of the will, were offered therefore in evidence as an entire paper. In the absence of either, the right of the plaintiff to sue as administrator, would be incomplete. And the court having properly determined that the letters of administration were objectionable upon the ground that they were not authenticated by the seal of the orphans court, the rejection of the will as inadmissible to sustain the issue joined on the plea of *ne unques administrator*, resulted as a necessary consequence.

We think there was no error in the ruling of the court below, and that the judgment must be affirmed.

The decision we have thus pronounced, is confirmed exclusively to the question raised by the bill of exceptions, and we have forborne to express any opinion upon the various points discussed by the counsel for the appellant, with respect to the supposed irregularity of the proceedings in the county court, as they were not open for examination upon this appeal.

JUDGMENT AFFIRMED.